**CLOSED**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA VEREB, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.: 05-CV-3673 (JLL) |
| Plaintiffs, | |
| v. | |
| THE GILLETTE COMPANY, | **O R D E R** |
| Defendant. | |

| | |
|---|---|
| DAVID DELRE, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.: 05-CV-3706 (JLL) |
| Plaintiffs, | |
| v. | |
| THE GILLETTE COMPANY, | **O R D E R** |
| Defendant. | |

This Court had referred Plaintiff's motion [3] to remand these consolidated civil actions back to the Superior Court of New Jersey, Law Division, Bergen County, to the Honorable Ronald J. Hedges, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed *de novo* the Report and Recommendation of October 5, 2005, and having considered Defendant's objections to the Report as well as Plaintiffs' response to Defendant's objections, this Court concludes that the action should be remanded to the Superior Court of New Jersey, Law Division, Bergen County as there was a procedural defect in the Defendant's removal. The attached Report

and Recommendation of the United States Magistrate Judge is adopted and incorporated as the Opinion of this Court.

**IT IS** on this 30th day of November, 2005,

**ORDERED** that the Report and Recommendation of Magistrate Judge Hedges filed October 5, 2005, recommending that these civil actions be remanded, is hereby ADOPTED as the findings of fact and conclusions of law of this Court; and it is further

**ORDERED** that Civil Action Nos. 05-CV-3673 and 05-CV-3706 are hereby remanded to the Superior Court of New Jersey, Law Division, Bergen County.

This case is CLOSED.


DATED: November 30, 2005

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED

OCT 0 5 2005

AT 8:00_____M
WILLIAM T. WALSH, CLERK

DELRE,                        :        Civil Action No.05-3706 (JLL)

        Plaintiff,            :

        v.                    :        REPORT AND RECOMMENDATION

GILLETTE COMPANY,             :

        Defendant.            :


## INTRODUCTION

This matter having come before the Court on motions to remand these consolidated civil actions to the Superior Court of New Jersey; the Court having considered the papers submitted in support of and in opposition to the motion and having heard oral argument on September 12, 2005; for the reasons set forth in the attached transcript; good cause appearing;

IT IS ORDERED that the alternative relief sought by defendant Gillette Company to defer a ruling on the pending motion to remand is DENIED:

IT IS HEREBY RECOMMENDED that these consolidated civil actions by remanded.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.


        s/Ronald J. Hedges
        RONALD J. HEDGES
        UNITED STATES MAGISTRATE JUDGE

Attachment

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELRE, | : Civil Action No. |
| | : |
| Plaintiff, | : |
| | : Newark, New Jersey |
| vs. | : |
| | : |
| GILLETTE COMPANY, | : |
| | : |
| Defendant. | : Monday, September 12, 2005 |

- - - - - - - - - - - - - - - - - - - - - - - - - -

### TRANSCRIPT OF MOTIONS
### BEFORE THE HONORABLE RONALD J. HEDGES, U.S.M.J.

APPEARANCES:

FOR THE PLAINTIFF:      BY:  STEPHEN SOHMER, ESQ.
                        (Sohmer Law Firm, LLC)
                        1 Passaic Avenue
                        Fairfield, NJ 07004

                        BY:  ANTHONY VOZZOLO, ESQ.
                        (Faruqi & Faruqi)
                        320 East 39th St, 3r floor
                        New York, NY 10016

FOR THE DEFENDANT:      BY:  ROBERT BARTKUS, ESQ.
                        (Dillon, Bitar & Luther)
                        53 Maple Avenue
                        Morristown, NJ 07963

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
******************************************************************
RAPID TRANSCRIPT SERVICE, INC.
BY:  Diane Tillson
4 Elodie Lane
Randolph, New Jersey 07869
(973) 328-1730    FAX (973) 328-8016
******************************************************************

Case 2:05-cv-03673-JLL-RJH   Document 10   Filed 11/30/05   Page 5 of 30 PageID: 161
Case 2:05-cv-03706-JLL-RJH   Document 9   Filed 10/05/2005   Page 3 of 28

2

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
```

I N D E X
9/12/05

| | Page |
|---|---|
| ARGUMENT | |
| By Mr. Bartkus | 3,13,19 |
| By  Mr. Vozzolo | 5,14,16 |
| By  Mr. Bartkus | 6,15 |
| By  Mr. Vozzolo | 8,14 |
| COURT DECISION | 22 |

Case 2:05-cv-03673-JLL-RJH   Document 10   Filed 11/30/05   Page 6 of 30 PageID: 162
Case 2:05-cv-03706-JLL-RJH   Document 9   Filed 10/05/2005   Page 4 of 28

3

 1          THE COURT:  All right.  Let's do Delre and --

 2   what's the related case -- Vereb.

 3          Your appearances, gentlemen.

 4          MR. SOHMER:  Good morning, Your Honor.  Stephen

 5   Sohmer and Anthony Vozzolo for the plaintiffs.

 6          MR. BARTKUS:  Good morning, Your Honor.  Robert

 7   Bartkus of Dillon, Bitar & Luther for the defendant, Gillette

 8   Company.

 9          THE COURT:  Okay.  As an initial matter,

10   gentlemen, I understand we have a motion to remand here.  I

11   also understand that there's an alternative relief sought by

12   the defendant,which would defer a ruling on this motion until

13   the MDL had an opportunity to address this.

14          I appreciate the argument, Mr. Bartkus, but

15   whether or not the case is properly removed is something that

16   can easily be addressed here rather than await decisions by

17   other Courts that possibly will just create conflicts in

18   anything.

19          So, that part of the application is denied.  Let's

20   proceed with the motion.

21          Let me hear from the plaintiff first.

22          MR. BARTKUS:  Your Honor, could I just ask the

23   Court to look at the case cited by defendants, the Nekritz

24   (phonetic) case by Judge Debevoise, and that was a case in

25   which the parties moved to remand and also for a stay

Case 2:05-cv-03673-JLL-RJH   Document 10   Filed 11/30/05   Page 7 of 30 PageID: 163
Case 2:05-cv-03706-JLL-RJH   Document 9   Filed 10/05/2005   Page 5 of 28

4

1  concerning securities litigation.

2        The Court found that a stay was appropriate

3  because, in part, the plaintiff already had agreed to a

4  certain aspect of the stay and that the Court then denied the

5  motion for remand without prejudice because, as here, there

6  were other cases around the country raising similar issues

7  about jurisdiction under the Securities Act here, 1332.

8        and the Court found, Judge Debevoise found that it

9  was more appropriate for a single judge, once the case was

10 consolidated in the MDL proceedings, to decide all of those

11 issues in all of those cases at once rather than having

12 different decisions in different Courts around the country.

13       THE COURT:  I appreciate that, Mr. Bartkus, but

14 the difference between that case; and this one, frankly, is

15 the jurisdictional basis.  That's a federal securities claim

16 where there will be, presumably, uniformity and a need for

17 uniformity, but here we've got removal on diversity of

18 citizenship.

19       We're looking to New Jersey law as well as the law

20 of the Third Circuit, and I looked at the papers, I

21 appreciate what the issues are.  I don't see any need to

22 wait, so I appreciate the argument advanced by the defendant.

23       Let's talk about the merits of the remand.

24       MR. BARTKUS:  May I ask one other thing?  I apolo-

25 gize.

Case 2:05-cv-03673-JLL-RJH   Document 10   Filed 11/30/05   Page 8 of 30 PageID: 164
Case 2:05-cv-03706-JLL-RJH   Document 9   Filed 10/05/2005   Page 6 of 28

5

1        THE COURT:  Okay, Mr. Bartkus.

2        MR. BARTKUS:  My understanding is that this case

3   is here requested by Judge Norris on a request for an R&R

4   from Your Honor --

5        THE COURT:  That's correct.

6        MR. BARTKUS:  -- as opposed to an opinion.  Thank

7   you.

8        THE COURT:  Right.  I don't have remand authority

9   of the case.  The matter is case dispositive, according to

10   Third Circuit law, Mr. Bartkus, so it would be by an R&R.

11        MR. BARTKUS:  Thank you.

12        THE COURT:  Okay.  Gentlemen, this is not a case

13   about a fifteen-dollar raise, so let's disabuse ourselves

14   about that.  Let's talk about what really is an issue here.

15        What is the potential size of the class?

16        MR. VOZZOLO:  Well, Your Honor, this is Anthony

17   Vozzolo.  We're not necessarily sure of the size of the

18   class.  We haven't had an ability to seek discovery yet on

19   the --

20        THE COURT:  Well, give me some guess, educated

21   guess.

22        MR. VOZZOLO:  It's got to be in the -- you know,

23   to be honest with you, I have no idea.  I mean, it's got to

24   be in the thousands, ten thousand, twenty thousand.  I mean,

25   we really have no -- no way of determining the actual size of

Bartkus / Vozzolo - Motion                6

1   the class but I would imagine it's fairly large.

2          THE COURT:  And I take it your argument is that

3   the removal was untimely, and I think Mr. Bartkus concedes

4   it's untimely unless a decision of the Supreme Court in

5   Exxon/Mobil somehow constitutes a, quote, "paper" for the

6   purpose of the removal statute, correct?

7          MR. VOZZOLO:  Correct, Your Honor.  I feel, you

8   know, according to 1446, defendant was required to file a

9   removal notice within 30 days.  The Exxon decision came out

10  four and a half months after service of process.  To obtain

11  the removal remedy defendants are seeking, they claim that

12  Exxon somehow constitutes another order or paper under second

13  paragraph of 1446B.

14         THE COURT:  Wait a minute.  Mr. Bartkus, you're

15  not -- you're conceding, I take it, aren't you, that but for

16  the Supreme Court opinion this case is unremovable?

17         MR. BARTKUS:  We decided not to remove the case at

18  the time, during the initial 30 day window, because the Third

19  Circuit was very clear that in this circuit Zahn (phonetic)

20  controls.

21         THE COURT:  I understand -- I understand the argu-

22  ment.  I don't want to hear the argument from the defendant

23  yet.  All I want is your agreement that but for Exxon/Mobil

24  the case is not removable on a procedural basis because more

25  than 30 days expired.

Vozzolo / Bartkus - Motion                              7

1          MR. BARTKUS:  On the Zahn basis, but not on other

2   basis, yes.

3          MR. VOZZOLO:  Your Honor --

4          THE COURT:  Wait a minute.

5          MR. VOZZOLO:  I'm sorry.

6          THE COURT:  What other basis are there to remove a

7   case beyond 30 days?  Just  tell me what the basis are.

8          MR. BARTKUS:  I just wanted to make clear the Zahn

9   basis we understand to be a nonjurisdictional basis.  It

10  doesn't go to 1332.

11          THE COURT:  It goes to --

12          MR. BARTKUS:  The case would have been --

13          THE COURT:  It a procedural --

14          MR. BARTKUS:  -- removable under 1332.

15          THE COURT:  It's a procedural defect in removal.

16          MR. BARTKUS:  Yes.

17          THE COURT:  There's no question about that.  They

18  made the motion for a remand within the 30 day period to move

19  to remand, so they haven't waived that defense.

20          MR. BARTKUS:  Yes.

21          THE COURT:  Okay, but you agree with me that but

22  for Zahn -- but for the Exxon/Mobil case, there is a

23  procedural defect in removal here?

24          MR. BARTKUS:  Yes.

25          THE COURT:  So, if Exxon/Mobil does not constitute

Bartkus – Motion                                    8

1   an order or paper under the statute, the case should be

2   remanded?

3               MR. BARTKUS:  Correct.

4               THE COURT:  Okay.  All right.

5               MR. VOZZOLO:  Your Honor, I --

6               THE COURT:  So, I understand the argument with

7   regard to this.

8               MR. VOZZOLO:  Well, I think that is a hurdle that

9   defendants simply can't overcome.

10              THE COURT:  Well, the defendant doesn't cite any-

11  thing from the Third Circuit that takes the position that the

12  Supreme Court opinion is control -- is an order of paper,

13  does it?

14              MR. VOZZOLO:  No, it -- well, it cites a _Doe_ case

15  but the _Doe_ case is very distinguishable.  In the _Doe_ case,

16  which involved federal question jurisdiction as opposed to

17  diversity, the District Court issued a remand order but

18  specifically left in the remand opinion the right to remove

19  if the subsequent case law changed on the federal charter

20  regarding the Red Cross.

21              So, we have a situation where you have identical

22  defendants.  The Third Circuit noted that Red Cross was a

23  critical defendant in both cases.  You have a District Court

24  remand opinion that specifically allowed the right to seek

25  removal based on subsequent case law.

Vozzolo - Motion                                            9

1          In this case, <u>Exxon</u> is unrelated.  Gillette is not

2   a defendant in <u>Exxon</u>.  They are not the same defendants.

3   There was no order issued by any Court which allowed the

4   defendants to seek the re-removal based on subsequent case

5   law.  In that hurdle, I think defendant simply can't get over

6   that hurdle.

7          If you -- if Your Honor would like to get into the

8   merits of some of the other arguments, I'll be more than

9   happy to discuss it.

10          THE COURT:  We are going to do that.  I wanted to

11   talk about this first issue, Counsel.

12          MR. VOZZOLO:  Sure.

13          THE COURT:  All right.  So, I understand your

14   argument with regard to the procedural defect.  The defendant

15   relies on the <u>Doe</u> opinion in the Third Circuit.  I don't know

16   that it's relevant whether that was a federal question case

17   or not but, certainly, there are distinguishing facts, as

18   you've described them, that the underlying case in the Third

19   Circuit was related or the parties were related to what was

20   before the Supreme Court, and there was also a reservation of

21   removal, whatever effect that might have been.

22          The Third Circuit apparently thought it was

23   sufficient to allow removal to take place, so I understand

24   what your argument is in that one.

25          Let's talk about the two grounds that the

Vozzolo - Motion                                         10

1  defendant really advances on substantive measures, if you

2  will, to remove.  One the injunctive relief, if you will,

3  with regard to what, disgorgement?

4           MR. VOZZOLO:  Well --

5           THE COURT:  Well, there's disgorgement and there's

6  the injunctive relief.

7           MR. VOZZOLO:  There's two arguments defendants are

8  making.  One is that the injunctive relief can somehow be

9  viewed from the defendant's point of view, a vantage point

10 which has been rejected by the Third Circuit.

11          As a matter of fact, Mr. Bartkus has written an

12 article for the Law Journal of New Jersey which advocates the

13 opposite position he's actually taking in this case, and that

14 was written in July.  I have a copy of the article here.  So,

15 he's asking Your Honor --

16          THE COURT:  Mr. Bartkus is a very prolific write

17 on federal procedure.  I understand.

18          MR. VOZZOLO:  So, Mr. Bartkus is arguing that you

19 could look at the -- the either viewpoint, which are

20 basically arguments from other Circuits, despite the Third

21 Circuit holding that you look at it from the vantage point of

22 the plaintiff, so I feel that that argument is simply

23 unwarranted under the present circumstances.

24          Under the strict construction of the remand

25 statute, I think any doubt should be resolved in favor of

Vozzolo - Motion                                    11

1  remand in favor of the plaintiff, so I think that argument is

2  easily disposed of, given the Third Circuit's, you know,

3  bold --

4           THE COURT:  Looking to the viewpoint of the plain-

5  tiff.

6           MR. VOZZOLO:  Exactly.

7           THE COURT:  All right.  Now, that deals with your

8  request for injunctive relief, assuming you're correct.  Now,

9  what about disgorgement?

10          MR. VOZZOLO:  Well, Your Honor, disgorgement, I

11  think defendants are trying to pick up cases which point to

12  some ambiguous cases around the country.

13          THE COURT:  Nothing in the Third Circuit.

14          MR. VOZZOLO:  Nothing in the Third Circuit from

15  what I can recall.  The gist is plaintiff's aren't seeking

16  some -- some isolated fund, and the majority of the cases

17  that discuss this exception to the Schneider (phonetic) rule

18  involve cases involving a single raise or there's some

19  comment or undivided interest.

20          Here, what plaintiffs are seeking are individual

21  transactions.  The disgorgement or the unjust enrichment

22  claims are seeking the profit per each individual

23  transaction.  There's no global fund.  Defendants weren't

24  defrauded as a group; they were defrauded as individuals, and

25  I'm sure defendants will have quite a bit of statements to

Case 2:05-cv-03673-JLL-RJH  Document 10  Filed 11/30/05  Page 15 of 30 PageID: 171
Case 2:05-cv-03706-JLL-RJH  Document 9  Filed 10/05/2005  Page 13 of 28

Vozzolo - Motion                                    12

1   make on the class certification motion on that aspect, but

2   they weren't defrauded as a group.  This is not a common

3   undivided interest.  Regardless of how this --

4            THE COURT:  Which makes class certification very

5   questionable in this case, don't you think, Counsel?

6            MR. VOZZOLO:  Well, you know, we'll make those --

7   you know, we'll deal with it at that --

8            THE COURT:  I know, I'm just asking in the -- in

9   the event it's here.

10           MR. VOZZOLO:  Well, I mean, I think there's a

11  common theme underlying the various advertisements Gillette

12  is util-izing, you know, they make a focal point of the

13  ability of the razor to raise the hair on the face at an

14  angle, make the hair stand up.  That common theme is

15  transgressed through the print advertisement, the radio

16  advertisement.

17           THE COURT:  But isn't there a reliance issue there

18  then that's going to have to be decided on an individual

19  basis?

20           MR. VOZZOLO:  Well --

21           THE COURT:  Oh, never mind, this is just academic

22  grumbling.  We'll leave that aside for now.

23           All right, so I understand your argument is that

24  the Third Circuit law in this area is rather clear, that you

25  don't look either for the injunctive relief or for

Vozzolo - Motion                                                    13

1   disgorgement by the defendant's viewpoint or through some

2   type of aggregation but, rather, it's got to be determined

3   individually and when you look at things individually, we're

4   not above the amount in controversy.

5            MR. VOZZOLO:  No, it's hard to imagine how you

6   transform a $15 -- although, you know, it's much more compli-

7   cated than simply -- but the maximum relief afforded per

8   individual plaintiff will be nowhere near the jurisdictional

9   amount to satisfy federal question, federal --

10           THE COURT:  I think you're correct about that.

11  So, the case is removable only if we somehow can aggregate --

12           MR. VOZZOLO:  Exactly.

13           THE COURT:  -- the injunctive and the disgorgement

14  remedies being sought and attribute them all to the

15  defendant.

16           MR. VOZZOLO:  You hit it right on the head, Your

17  Honor.

18           THE COURT:  Okay, I think I understand the issues

19  for the plaintiffs.  Okay, Mr. Bartkus, let's talk about

20  Third Circuit law and injunctive relief.  Doesn't the Third

21  -- hasn't the Third Circuit spoken clearly on this issue?

22           MR. BARTKUS:  The case I look at is the Packard

23  case.  I think that says that where the primary relief is not

24  injunctive relief.  You can't try to twist a case for damages

25  into an equitable or injunctive case and, therefore, using

Vozzolo / Bartkus - Motion                    14

1  the term of injunctive relief change the rule the Third

2  Circuit has about pro rata distribution allocation of damages

3  among all plaintiffs.

4          THE COURT:  Yes, but there's nothing to distribute

5  pro rata here.  As Counsel says, there's no common fund.

6          MR. BARTKUS:  What we have here is a case where,

7  and again, it's different from Packard and other cases that

8  the Third Circuit has -- has addressed.  It's much more like

9  the Microsoft case and the diet drug case, and I think

10  there's a case in the Second Circuit that is cited by the

11  Gilson (phonetic) case, by the plaintiffs, I think it's

12  the Breward  where there will be no relief to any plaintiff

13  unless there is relief to all.

14          That's -- and that's the situation, for example,

15  in the diet drug case where the Court -- where the plaintiffs

16  asked for a medical monitoring fund and the research

17  necessary to get that fund up and going.

18          THE COURT:  Yes, but  this is not a medical

19  monitoring case.

20          MR. BARTKUS:  It isn't, you're right, Your Honor,

21  but there is a cost that the defendants will need to incur to

22  revive the relief requested by the plaintiff, whether it's

23  one plaintiff or a million plaintiffs in a class.  It is

24  possible that the plaintiff here could have sued for

25  injunctive relief as an individual rather than class

Bartkus / Vozzolo - Motion                          15

1   representative and, in that case, Gillette would have -- and

2   if they were successful, Gillette would have been required to

3   bear the cost of changing its advertising, which the

4   plaintiff agrees is more than $75,000 for that plaintiff.

5   The fact that there is --

6              THE COURT:  No, there's no question that if we can

7   aggregate here the case is removable, and I don't understand

8   the plaintiff to contest that, isn't that right, gentlemen?

9              MR. VOZZOLO:  Your Honor, absolutely.  Basically,

10  every position defendants are taking is contrary to the

11  Schneider case.

12             THE COURT:  Let's leave that alone.

13             MR. VOZZOLO:  Sure.

14             THE COURT:  All I asked is a concession --

15             MR. VOZZOLO:  No, exactly, I agree --

16             THE COURT:  All right.

17             MR. VOZZOLO:  -- that what they need to do is

18  aggregate all of the relief that we're requesting.

19             THE COURT:  All right, that's what I care about.

20  All right, I understand the argument.  This is very simple in

21  the sense either the Third Circuit allows "aggregation" which

22  means measuring things from defendant's point of view or the

23  Third Circuit doesn't.  I understand your position, Counsel.

24             MR. BARTKUS:  Except in a situation where if

25  there's no relief for one, there's no relief for all, and

Vozzolo / Bartkus - Motion                    16

1  that's dif-ferent from all the Third Circuit cases that I

2  read.  Most -- the clearest one in the Third Circuit is the

3  fund created for the benefit of all the class, which

4  plaintiff could not benefit from unless it established the

5  entire class.  That's different from damages.

6          The notion of aggregation is that each plaintiff

7  has a separate injury which must be dealt with individually,

8  and you can't bring all of those together and put them on the

9  plaintiff's -- the representative plaintiff's shoulders.

10  That's artificial, but it's just as artificial to say that

11  a -- an injunctive relief that is only effective if it's

12  effective for all must be pro rata allocated among everybody.

13          THE COURT:  But how do you get beyond the language

14  in _Packard_ that says:

15              "In a diversity based class action seeking

16              primarily money damages allowing the amount in

17              controversy to be measured by the defendant's cost

18              would eviscerate _Schneider_'s holding that the

19              claims of class members may not be aggregated in

20              order to meet the jurisdictional threshold."

21          MR. BARTKUS:  Because it's the fact that -- we're

22  not talking about individual costs as in _Packard_ to send out

23  notices to the various class members.  That's individualized

24  costs for injunctive relief, which is just like damages.

25  Here, we're saying much more like setting up a fund.

Bartkus / Vozzolo - Motion                    17

1   Defendant has to establish a program, not individualized as

2   to plaintiffs, but for the entire nation, people who would

3   not be part of the plaintiff class, and it's very different

4   and it's much more like setting up a medical monitoring fund,

5   doing the research necessary to set up a medical monitoring

6   fund.

7            It can't ever be allocated or divided or

8   apportioned per plaintiff.  It doesn't change if there's one

9   plaintiff or a million.  It's always going to be the same

10  cost, and that's very different from _Packard_.

11           THE COURT:  All right.  Anything else from the

12  plaintiff?

13           MR. VOZZOLO:  Yes, Your Honor.  Basically, what

14  defendants are arguing that this Court should ignore is the

15  clear Third Circuit case law and under the strict

16  construction of the removal statute, that simply is not

17  permissible.  They're arguing that you should adopt the

18  various laws around the country but it's fairly

19  distinguishable.  It's unlike a medical monitoring fund.

20           What's missing here is Mr. Bartkus is suggesting

21  that you look at it in light of the defendant's point of view

22  and that point of view is simply not permissible in this

23  Circuit.  I think the questions are very easily answered.

24           THE COURT:  Well, I understand that but the

25  language I quoted says, "In a diversity action where the

Vozzolo - Motion                           18

1    plaintiff is seeking primarily monetary relief."

2            MR. VOZZOLO:  Well, I --

3            THE COURT:  You're not seeking primarily monetary

4    relief, you're seeking equitable relief here, aren't you?

5            MR. VOZZOLO:  Well, Your Honor, I don't neces-

6    sarily agree with that.  I think we're seeking primarily

7    monetary relief.  The injunctive relief sought is fairly

8    simple.  They sat -- they refrained from making the -- the

9    message that is deceptive that we allege in the complaint,

10   to simply delete it from their next sales brochures that they

11   distribute to the public.

12           THE COURT:  So, that's a cost issue that under the

13   Third Circuit precedent is not something that we can look to

14   from the defendant's point of view.

15           MR. VOZZOLO:  Exactly.

16           THE COURT:  What about disgorgement?

17           MR. VOZZOLO:  Well, disgorgement, I think it's --

18   there's a little bit of overlap in the discussion.  The basis

19   of the disgorgement in the -- what it actually is an unjust

20   enrichment claim, and if you look back to the history about

21   unjust enrichment, what you're basically asking the Court to

22   do is to get back the property that the defendants have --

23   have taken.

24           THE COURT:  I'm familiar with the claim but isn't

25   it --

Case 2:05-cv-03673-JLL-RJH  Document 10  Filed 11/30/05  Page 22 of 30 PageID: 178
Case 2:05-cv-03706-JLL-RJH  Document 9  Filed 10/05/2005  Page 20 of 28

Vozzolo - Motion                                          19

1          MR. VOZZOLO:  No, no, what --

2          THE COURT:  -- isn't it equitable in nature,

3    disgorgement?

4          MR. VOZZOLO:  It is equitable in nature but the --

5    the amount that you're getting is a monetary sum.  You're

6    seeking the profits but it equates to a monetary amount.  The

7    point I was making if that you're not creating this -- this

8    somehow uncommon, undivided fund.

9          What you're seeking is the disgorgement per each

10   individual transaction.  So if you bought two razors, you'd

11   be seeking a profit of those two particular razors as opposed

12   to the named plaintiff seeking disgorgement of the entire --

13         THE COURT:  Let me ask you this.  If one of these

14   two plaintiffs was bringing this action just on his own

15   behalf and not as a class representative and he got all the

16   relief he wanted, injunctive relief would be the same whether

17   there was a class action or not because the injunction you

18   would be seeking would be to bar the defendant from engaging

19   in misleading advertising, is that right?

20         MR. VOZZOLO:  Correct.

21         THE COURT:  Okay, but what would -- his

22   disgorgement remedy, I take it, would be limited to what he

23   gets back.

24         MR. VOZZOLO:  Yes, and it would be based on his

25   individual purchase, so if he purchased a $15 razor, there's

Vozzolo / Bartkus - Motion                    20

1    a certain amount of profit in that $15 that he would be

2    seeking.  I don't think it's permissible for him to obtain

3    the entire amount that Gillette has made off the sale of the

4    product around the country.

5             THE COURT:  All right.  Okay, anything else for

6    the defendant?

7             MR. BARTKUS:  The disgorgement claim, Your Honor,

8    I think is, based on again the agreement by the plaintiff

9    that it's more than $75,000.  I can't tell you how much it

10   would be because no one has asked, no one has calculated what

11   the profits are --

12            THE COURT:  I think we can assume --

13            MR. BARTKUS:  -- but we're talking about a very

14   large class.

15            THE COURT:  I think we can assume that if I allow

16   aggregation the amount in controversy is satisfied and the

17   defen -- the plaintiff said that already.  The issue is

18   whether I allow it or not.

19            MR. BARTKUS:  Plaintiff also agrees that if the

20   kind of unjust enrichment profit disgorgement that is New

21   Jersey Law is the same as the unjust enrichment profit

22   disgorgement that was held to be nonattributable -- or

23   attributable and non -- and aggregable in the <u>Microsoft</u> case,

24   then we win.

25            There was, I thought, a major concession.  They

Bartkus - Motion                                        21

1   agreed with exactly the distinction that we were making

2   because that's what Microsoft said.  Where, under State law,

3   unjust enrichment remedy of profit disgorgement is not,

4   plaintiff by plaintiff by plaintiff, is not a measure of each

5   plaintiff's damages but rather is some other concept than

6   your -- in the Microsoft case it's not an issue of

7   aggregation or nonaggregation, it is an equitable remedy, it

8   is a full sum.  You could call it a common fund.  The problem

9   with using that word is that too much sends you back to

10  notions of establishing a common fund for settling of the

11  case or a common fund based on damages.

12          The New Jersey case in the Appellate Division,

13  it's the best case that we know of on that, on this issue,

14  the County of Essex case says in -- in many different ways

15  unjust enrichment profit disgorgement has nothing to do with

16  damages.  It has nothing to do with individual plaintiff's

17  loss, it is there to punish the defendant for all the unjust,

18  improper gains it had.

19          Now, in that case, the County of Essex case, it's

20  particularly interesting because there the jury found, if I

21  remember correctly, that there was no loss by the plaintiff.

22  The Court still awarded large unjust enrichment profit dis-

23  gorgement, a full disgorgement as the Court described it,

24  because the nature of profit disgorgement in New Jersey,

25  under New Jersey law, is not item by item, plaintiff by

Case 2:05-cv-03673-JLL-RJH  Document 10  Filed 11/30/05  Page 25 of 30 PageID: 181
Case 2:05-cv-03706-JLL-RJH  Document 9   Filed 10/05/2005   Page 23 of 28

Bartkus - Motion                                      22

1  plaintiff lost damages.  It's not a damage issue.  Over and

2  over again that Court says profit disgorgement is not

3  damages.

4          Now, we haven't researched the point, we haven't

5  been asked to address it, but we originally thought, based on

6  the complaint and the clause, paragraph -- or page 13, that

7  plaintiff was seeking all profits earned by Gillette, whether

8  it's by members of the class or not.

9          Now, we all know that we're governed by the

10 allegations in the complaint and that's what the plaintiff

11 asked for, all profits, not some.

12         Now, in its first moving papers the plaintiff

13 also said we expect that -- to get all profits.  They didn't

14 narrow it to only profits that are really the same thing

15 as damages. It's only once they saw some of our cases and

16 they started thinking about it they decided to change their

17 tune.

18         Now, Your Honor, they can't do that.

19         THE COURT:  Well, I understand --

20         MR. BARTKUS:  They have a fiduciary duty.

21         THE COURT:  I understand what their obligations

22 are with regard to pleadings and I understand what they can

23 and cannot do in a brief, so I appreciate the argument, Mr.

24 Bartkus.  The -- I appreciate the argument.  The question

25 before me in the civil actions is whether these matters

Court - Decision                                    23

1   should be remanded to the Superior Court of New Jersey.

2          I indicated before argument began that I reviewed

3   the defendant -- the defendant's alternative motion which is

4   for a stay pending some MDL resolution of this matter and, as

5   I indicated previously, I see no reason for a stay.  The

6   issues before me are crystallized.  I see nothing before me

7   that calls for some uniformity at a national level to be done

8   by an MDL Court.

9          So, having done that, the request for a stay is

10  denied, and let me proceed to address the remand.  I

11  appreciate the arguments, Mr. Bartkus, thank you.  Thank you,

12  Mr. Bartkus, I understand the arguments.

13         These matters will filed in the Superior Court of

14  New Jersey on February 10, 2005.  In the complaints, class

15  action allegations are made for violations of the New Jersey

16  Consumer Fraud Act and also based on principles of fraud and

17  the inducement and unjust enrichment.  The complaints were

18  served on the defendants not later -- on the defendant not

19  later than March 3, 2005.

20         Defendant's petition for removal was filed on July

21  22, 2005, at least four months after service.  Plainly, the

22  period to remove began to run at time of service of the

23  complaint.

24         I note in the first instance that diversity of

25  citizenship exists.  The question really before me is amount

Court - Decision                                    24

1    in controversy.

2           Defendant's substantive argument, if you will, for

3    removal centers on whether or not aggregation of claims is

4    permitted or, as stated in the briefs and the law, whether

5    the amount of controversy should be looked at from the

6    viewpoint of the plaintiff or for the defendant.

7           Plaintiff advances arguments based on what

8    plaintiff says are the plain law of the Third Circuit with

9    regard to aggregation.  Defendant argues that given the

10   relief sought, aggregation is appropriate here.  I need not

11   address these issues for the simple reason that I am

12   satisfied that there was a procedural defect in removal and

13   that the matter should be remanded.

14          The removal papers are based on the decision of

15   Exxon/Mobil Corporation v. Alapata Services, Inc. (phonetic),

16   125 Supreme Court 2611, decided on June 23, 2005.

17   Defendant's argument is that Exxon/Mobil constituted a

18   sufficient change in the law or the like to constitute an

19   order or other paper within the meaning of the second

20   paragraph of Section 1446B.  I disagree.

21          Plaintiff relies on the Doe opinion from the Third

22   Circuit Court of Appeals, Doe v. American Red Cross, 14 F.3d

23   196 (3rd Cir. 1993).  The opinion of the Third Circuit in

24   Doe, where a Supreme Court decision was considered to be

25   sufficient to run the removal period again, was premised on a

Court - Decision                    25

1   rather unique situation where the same party was a defendant

2   in both matters, where there were similar factual situations

3   and where the District Court opinion explicitly authorized

4   removal based on subsequent Supreme Court opinion.

5          We have none of those facts here.  There is no

6   commonality in facts, there are no commonality in parties and

7   there were certainly no underlying order from the District

8   Court permitting removal.

9          The case law is rather plain and unambiguous that

10  orders or other papers do not encompass Supreme Court

11  opinions.  See, for example, Marsani v. Major League

12  Baseball, 79 F.Sup. 2d, 1331-1333, (Middle District of

13  Florida 1999), Johanson v. Employee Benefit Claim, 668 F.

14  Sup. 1294-1296 (District of Minnesota 1987).

15         I'm satisfied that there was a procedural defect

16  in removal.  I also note that the arguments advanced on the

17  merits of the removal with regard to aggregation are

18  arguments that could have been invoked and might have been

19  invoked within the original 30 day removal period.

20         I will have the transcript prepared, gentlemen.  I

21  will attach a report and recommendation that the matter be

22  remanded to Judge Linares and you can take these matters up

23  with Judge Linares.

24         I'll also consolidate both cases for purposes of

25  the motions to remand.

Court - Decision                              26

1           All right.  Thank you, gentlemen.

2           MR. VOZZOLO:  Thank you, Your Honor.

3           MR. SOHMER:  Thank you.

4           MR. BARTKUS:  Thank you.

5           THE COURT:  All right.  Oh, by the way, the plain-

6   tiff's request for the imposition of costs and the like is

7   denied.  I'm not satisfied that there was an unfounded argu-

8   ment here.  The plaintiff certain -- the defendant certainly

9   made an argument based on the Exxon case.  The defendant's

10  substantive argument certainly had merit with regard to

11  interpretation of the existing Third Circuit precedent on

12  aggregation.  There's nothing here so egregious as would

13  warrant an award of fees and costs to the plaintiff.

14          All right, gentlemen, thank you.

15          MR. VOZZOLO:  Thank you.

16          MR. SOHMER:  Thank you.

17          MR. BARTKUS:  Thank you, Your Honor.

18          THE COURT:  All right.

19          MR. BARTKUS:  Need we do anything else to get the

20  transcript?

21          THE COURT:  No, Mr. Bartkus, I will get the tran-

22  script.  As soon as I get the transcript, we'll have a report

23  and recommendation put on it, it will be filed electronically

24  and you gentlemen can take it from there.

25          MR. BARTKUS:  Thank you, Your Honor.

Certification                           27

1          THE COURT:  All right.  Thank you, gentlemen.

2                  (Proceedings concluded)

3

4          I, certify that the foregoing is a correct

5   transcript from the electronic sound recording of the

6   proceedings in the above-entitled matter on September 12,

7   2005, to the best of my knowledge and ability.

8
9
10  Date: _____
11
12  CD - 8:39/9:09
13
                                    Diane Tillson for:
                                    RAPID TRANSCRIPT SERVICE, INC.